**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Sue A. Haglind,

                          Plaintiff,     Case No. 11-cv-3008 (RHK/SER)

v.

                                       **U.S. Bank National Association**

U.S. Bank National Association;        **<u>ND's Answer And Counterclaim</u>**
CSC Credit Services, Inc.;
Equifax Information Services, Inc;
Experian Information Solutions, Inc.;
and Trans Union, LLC;

                         Defendants.

      Defendant U.S. Bank National Association ND ("U.S. Bank"), incorrectly identified in the caption of the case as "U.S. Bank National Association," answers Plaintiff Sue A. Haglind's Complaint ("the Complaint") as follows:

      Except as expressly admitted or qualified hereafter, U.S. Bank denies each and every allegation of the Complaint. U.S. Bank answers the allegations of the Complaint only with respect to its own alleged conduct. With respect to the allegations against the other defendants, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations. The statements in this Answer shall be interpreted as applying only to U.S. Bank individually.

      1.     With respect to the allegations in paragraph 1 of the Complaint, U.S. Bank admits only that Plaintiff purports to bring this action for damages based on allegations of false reporting on Plaintiff's credit reports, failure to follow reasonable procedures, and failure to conduct reasonable investigations, but denies that U.S. Bank has committed any

such actions and denies that Plaintiff is entitled to the relief that she seeks from U.S. Bank.

2. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies them.

3. U.S. Bank admits the allegations in paragraph 3 of the Complaint.

4. Because the allegations in paragraph 4 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

5. Because the allegations in paragraph 5 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

6. Because the allegations in paragraph 6 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

7. Because the allegations in paragraph 7 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

8. U.S. Bank admits the allegations in paragraph 8 of the Complaint.

9. With respect to the allegations in paragraph 9 of the Complaint, U.S. Bank admits only that venue is proper in this Court. U.S. Bank denies that Plaintiff is entitled to the relief that she seeks from U.S. Bank.

10. U.S. Bank denies the allegations in paragraph 10 of the Complaint.

11. U.S. Bank denies the allegations in paragraph 11 of the Complaint.

12. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and therefore denies them.

13. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and therefore denies them.

14. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies them.

15. Because the allegations in paragraph 15 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

16. Because the allegations in paragraph 16 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

17. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and therefore denies them.

18. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint and therefore denies them.

19. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and therefore denies them.

20. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and therefore denies them.

21. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore denies them.

22. U.S. Bank denies the allegations in paragraph 22 of the Complaint.

23. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and therefore denies them.

24. U.S. Bank denies the allegations in paragraph 24 of the Complaint.

25. Because the allegations in paragraph 25 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies them.

26. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies them.

27. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies them.

28. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies them.

29. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies them.

30. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies them.

31. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies them.

32. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore denies them.

33. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore denies them.

34. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies them.

35. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies them.

36. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies them.

37. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies them.

38. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies them.

39. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint and therefore denies them.

40. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and therefore denies them.

41. Because the allegations in paragraph 41 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

42. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore denies them.

43. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies them.

44. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and therefore denies them .

45. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint and therefore denies them.

46. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint and therefore denies them.

47. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore denies them.

48. U.S. Bank denies the allegations in paragraph 48 of the Complaint.

49. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint and therefore denies them.

50. U.S. Bank denies the allegations in paragraph 50 of the Complaint.

51. Because the allegations in paragraph 51 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

52. Because the allegations in paragraph 52 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

53. U.S. Bank admits the allegations in paragraph 53 of the Complaint.

54. Because the allegations in paragraph 54 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

55. Because the allegations in paragraph 55 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations.

56. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and therefore denies them.

57. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore denies them.

58. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and therefore denies them.

59. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore denies them.

60. U.S. Bank admits the allegations in paragraph 60 of the Complaint.

61. U.S. Bank admits that it sent a letter to Plaintiff dated November 29, 2010 and that the document speaks for itself. U.S. Bank denies the remaining allegations in paragraph 61.

62. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and therefore denies them.

63. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint.

64. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and therefore denies them.

65. Because the allegations in paragraph 65 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

66. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and therefore denies them.

67. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and therefore denies them.

68. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Complaint and therefore denies them.

69. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore denies them.

70. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and therefore denies them.

71. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore denies them.

72. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and therefore denies them.

73. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint and therefore denies them.

74. Because the allegations in paragraph 74 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75. Because the allegations in paragraph 75 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

76. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and therefore denies them.

77. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and therefore denies them.

78. Because the allegations in paragraph 78 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations and therefore denies them.

79. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and therefore denies them.

80. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and therefore denies them.

81. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and therefore denies them.

82. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and therefore denies them.

83. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and therefore denies them.

84. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint and therefore denies them.

85. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint and therefore denies them.

86. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint, and therefore denies them and therefore denies them.

87. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint and therefore denies them.

88. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint and therefore denies them.

89. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 89 of the Complaint and therefore denies them.

90. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint and therefore denies them.

91. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint and therefore denies them.

92. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint and therefore denies them.

93. U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint and therefore denies them.

94. U.S. Bank denies the allegations in paragraph 94 of the Complaint to the extent the allegations apply to U.S. Bank. To the extent that the remaining allegations in paragraph 94 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94 of the Complaint, and therefore denies them.

95. With respect to the allegations in paragraph 95 of the Complaint, U.S. Bank admits only that an annual fee was imposed on Plaintiff's U.S. Bank credit card on or about May 6, 2011. U.S. Bank denies the remaining allegations in paragraph 95 of the Complaint.

96. U.S. Bank denies the allegations in paragraph 96 of the Complaint.

97. U.S. Bank denies the allegations in paragraph 97 of the Complaint.

98. U.S. Bank denies the allegations in paragraph 98 of the Complaint to the extent the allegations apply to U.S. Bank. To the extent that the remaining allegations in paragraph 98 of the Complaint pertain to another defendant, U.S. Bank lacks information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 of the Complaint, and therefore denies them.

**TRIAL BY JURY**

99. U.S. Bank admits that Plaintiff has requested a jury trial.

## CAUSES OF ACTION

### COUNT I:  FCRA

100.   With respect to the allegations in paragraph 100 of the Complaint, U.S. Bank incorporates by reference its answers to paragraphs 1 through 99 of the Complaint above.

101.   Because the allegations in paragraph 101 of the Complaint pertain to other defendants, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Complaint, and therefore denies them.

102.   Because the allegations in paragraph 102 of the Complaint pertain to other defendants, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint, and therefore denies them.

103.   Because the allegations in paragraph 103 of the Complaint pertain to other defendants, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint, and therefore denies them.

104.   Because the allegations in paragraph 104 of the Complaint pertain to other defendants, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint, and therefore denies them.

105.   Because the allegations in paragraph 105 of the Complaint pertain to other defendants, U.S. Bank lacks information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint, and therefore denies them.

### COUNT II:  FCRA

106. With respect to the allegations in paragraph 106 of the Complaint, U.S. Bank incorporates by reference its responses to paragraphs 1 through 105 of the Complaint above.

107. U.S. Bank denies the allegations in paragraph 107 of the Complaint.

108. U.S. Bank denies the allegations in paragraph 108 of the Complaint.

109. U.S. Bank denies the allegations in paragraph 109 of the Complaint.

110. U.S. Bank denies the allegations in paragraph 110 of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

2. Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which U.S. Bank has no control.

3. Plaintiff failed to mitigate her damages, if any.

4. U.S. Bank acted at all times in compliance with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

5. Plaintiff's claims are barred, in whole or in part, by the privileges afforded U.S. Bank by the Fair Credit Reporting Act and by common law.

6. U.S. Bank asserts the affirmative defenses of comparative negligence, comparative causation, and/or comparative responsibility and asks the Court to reduce any judgment against U.S. Bank by the degree of negligence or causation attributed to plaintiff or to any other person.

7. U.S. Bank acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it so acted.

8. To the extent that Plaintiff seeks exemplary or punitive damages, such a request violates U.S. Bank's rights under the Due Process and Excessive Fines clauses of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

9. U.S. Bank asserts the affirmative defense of privilege.

10. U.S. Bank reserves the right to assert additional affirmative defenses as they are discovered through the course of discovery.

## **COUNTERCLAIM**

For its Counterclaim against plaintiff Sue Haglind, U.S. Bank states as follows:

1. U.S. Bank National Association ND is a national banking association organized under federal law that does business nationally and is a citizen of Ohio.

2. Upon information and belief, plaintiff Sue Haglind is a citizen of the state of Minnesota, residing at 21260 Independence Ave., Lakeville, Minnesota 55044.

3. The Court has jurisdiction over this counterclaim under 28 U.S.C. § 1367(a).

4. On or about September 16, 2003, plaintiff Sue Haglind and her husband, Kenneth Haglind, opened a joint WorldPerks Visa Signature Credit Card Account ending in 0770 ("the Account"), under which U.S. Bank agreed to extend credit to plaintiff and Mr. Haglind, and plaintiff and Mr. Haglind agreed to repay the amounts charged to the Account.

5.     As a joint account holder, plaintiff is individually and jointly liable for all charges made to the Account.

6.     Plaintiff made purchases and charged those purchases to the Account.

7.     In 2010, Mr. Haglind individually filed a Chapter 7 bankruptcy petition and listed the Account in his bankruptcy schedules. Plaintiff was not listed as a joint debtor in the bankruptcy proceeding.

8.     In 2011, Mr. Haglind's liability for the Account was discharged under the U.S. Bankruptcy Code.  But Mr. Haglind's discharge did not alter plaintiff's liability with respect to the Account.

9.     Plaintiff has failed to make the required payments on the Account and has therefore breached the agreement with U.S. Bank.  The last payment made on the Account was made on May 12, 2010.  The Account accrued interest and finance charges.

10.    The balance due on the Account as of November 30, 2011, is $29,802.34, which includes $2,511.28 in interest that accumulated before the Account was charged off on November 30, 2010.

## Count I – Breach of Contract

11.    Plaintiff and U.S. Bank had a valid contract under which U.S. Bank agreed to extend credit under certain conditions, and plaintiff agreed to repay all amounts that U.S. Bank extended, plus interest and applicable fees and other amounts set forth in the account agreement.

12.    As a joint account holder, plaintiff is individually liable for all charges made to the Account.

13. U.S. Bank performed its obligations under the contract.

14. Plaintiff breached the contract by failing to make the payments that the contract required.

15. U.S. Bank has been damaged as a result of plaintiff's conduct or inaction.

16. U.S. Bank is entitled to recover from plaintiff a total of $29,802.34, plus interest from November 30, 2010, to the date of judgment.

**WHEREFORE**, U.S. Bank respectfully asks that this Court:

1. Dismiss plaintiff's Complaint against U.S. Bank on the merits and with prejudice, and order that plaintiff takes nothing by her Complaint in this action;

2. Enter judgment in favor of U.S. Bank and against plaintiff in the amount of $29,802.34, plus interest from November 30, 2010, to the date of judgment.

3. Award U.S. Bank its costs, disbursements, and reasonable attorney's fees recoverable under the law; and

4. Enter any other relief that the Court concludes is just and equitable.

Dated: November 30, 2011                         FAEGRE & BENSON LLP

                                                 s/ Trista M. Roy
                                                 Charles F. Webber (#215247)
                                                 Trista M. Roy (#387737)
                                                 2200 U.S. Bank Center
                                                 90 South Seventh Street
                                                 Minneapolis, MN 55402-3901
                                                 (612) 766-7000

                                                 Attorneys for Defendant
                                                 U.S. Bank National Association ND

fb.us.7610176.02